UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENEDETTA COSTANTINO,

                    Petitioner,

-against-

U.S. CITIZENSHIP and IMMIGRATION SERVICES;
LEON RODRIGUEZ, in his official capacity as
Director, U.S. Citizenship and Immigration Services;
PHYLLIS COVEN, in her official capacity as New
York District Director, U.S. Citizenship and
Immigration Services; JEH JOHNSON, in his official
capacity as Secretary, U.S. Department of Homeland
Security; and ERIC HOLDER, in his official capacity
as United States Attorney General,

                    Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2015
```

14 Civ. 8753 (AT)(DCF)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

ANALISA TORRES, District Judge:

    On November 3, 2014, Petitioner, Benedetta Costantino, filed this action under 8 U.S.C. § 1421(c), seeking judicial review of the United States Citizenship and Immigration Services' denial of her naturalization application. On November 7, 2014, the Court referred the matter to Magistrate Judge Debra C. Freeman. Before the Court is Judge Freeman's Report and Recommendation (the "R & R"), ECF No. 23, which proposes that: (1) Respondents' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) be granted; (2) Petitioner's request for *nunc pro tunc* relief be denied; and (3) the petition be dismissed in its entirety. For the reasons stated below, the Court ADOPTS the R & R in its entirety, and the petition is DENIED.

## DISCUSSION[1]

    I.    Standard of Review

---

[1] The Court presumes familiarity with the facts as detailed in the R & R and, therefore, does not summarize them here.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the R & R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014).

A court's review of the USCIS's denial of a naturalization application "shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." *Juster Assocs. v. Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). The court must accept the complaint's factual allegations as true and draw all inferences in the petitioner's favor. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

II. Petitioner's Objections

    A. Physical Presence

Petitioner first objects to Judge Freeman's finding that Petitioner failed to satisfy the "physical presence" requirement under 8 U.S.C. § 1430(a), arguing that it was based on the erroneous legal conclusion that the requirement must be satisfied at the time that a naturalization

2

application is filed, regardless of whether an applicant has early filed under 8 U.S.C. § 1445(a). Specifically, under § 1430(a), a person whose spouse is a U.S. citizen may be naturalized if that person, "during the three years immediately preceding the date of filing his application . . . has been physically present in the United States for periods totaling at least half of that time." Petitioner argues that § 1445(a), in allowing an applicant to file a naturalization application three months before satisfying the "continuous residency" requirement under § 1430(a), also changes the applicable timeframe for the physical presence requirement, such that the timeframe for measuring compliance with both requirements is shifted later in time.

In support of her construction of § 1430(a), Petitioner cites the language and structure of the provision and related statutes and regulations, legislative history, and precedent, arguing that Congress intended for the physical presence and continuous residence requirements to be "coextensive" and for both requirements to be assessed using the same timeframe. However, as Judge Freeman recognized in her R & R, the statutory language of § 1430(a) is clear that the relevant time frame for measuring compliance with the physical presence requirement is the "three years immediately preceding the date of filing"; although § 1445(a) alters the timeframe by which compliance with the continuous residence requirement is measured, nowhere does it mention the physical presence requirement, much less suggest that § 1430(a) does not apply to the physical presence requirement where an applicant has early filed under § 1445(a). This reading of the plain language of § 1430(a) is further supported by the applicable regulations governing early filing under § 1445(a), the USCIS Policy Manual, and the instructions for the naturalization application form.[2]  R & R at 15-17.  Having considered Petitioner's objections, the

---

[2] Petitioner cites a February 1997 memorandum issued by the Acting Assistant Commissioner of the Immigration and Naturalization Service which interprets the statutory scheme as allowing early filers under § 1445(a) to satisfy the physical presence and continuous residency requirements at the time of the naturalization interview rather than

Court concludes after a *de novo* review that Petitioner failed to meet the physical presence requirement under § 1430(a).

      B. *Nunc Pro Tunc* Relief

Petitioner next objects to Judge Freeman's denial of *nunc pro tunc* relief, arguing that Judge Freeman erroneously determined that Petitioner suffered no material prejudice and that no agency error or unreasonable delay had occurred. As the Second Circuit has stated, *nunc pro tunc* relief "is a far-reaching equitable remedy applied in certain exceptional cases, typically aimed at recify[ing] any injustice [to the parties] suffered by them on account of judicial delay." *Iouri v. Ashcroft*, 487 F.3d 76, 87 (2d Cir. 2006) (citations and internal quotation marks omitted). "In the context of agency action, we have held that an award of *nunc pro tunc* relief [should] be available where agency error would otherwise result in an alien being deprived of the opportunity to seek a particular form of . . . relief." *Id.* (internal quotation marks omitted); *see also Edwards v. I.N.S.*, 393 F.3d 299, 310 (2d Cir. 2004) (stating that nunc pro tunc relief is available in the immigration context "where an agency error would otherwise be irremediable, and where the plaintiff has been deprived of a significant benefit").

Having considered Petitioner's objections, the Court concludes after a *de novo* review that Petitioner has not shown that *nunc pro tunc* relief is warranted. Plaintiff cannot be heard to say that she will suffer "irremediable" prejudice in the absence of such relief, *Edwards*, 393 F.3d at 310, or be "deprived of the opportunity to seek a particular form of . . . relief," *Iouri*, 487 F.3d at 87. Rather, Petitioner will remain a permanent resident of the United States and may reapply for naturalization when she has satisfied the requirements of § 1430(a). Moreover, *nunc pro tunc*

---

the date of filing. This agency memorandum does not trump the plain language of the relevant statutes. Moreover, it is contradicted by the applicable regulations and more recent agency guidance. *See* R & R at 16-17.

4

relief is not justified by the agency errors alleged by Petitioner, namely: (1) the agency's rules and regulations regarding the physical presence requirement where an applicant files under § 1445(a); (2) the agency's failure to adequately screen Petitioner's application during its preliminary review processes; and (3) the agency's denial of Petitioner's application on erroneous grounds prior to denying the application for failure to comply with the requirements of § 1430(a). The Court has conducted an independent review of these alleged errors and agrees with Judge Freeman's conclusion that *nunc pro tunc* relief is not warranted.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Petitioner objects and has reviewed the remainder of the R & R for clear error.[3] For the reasons stated, the Court ADOPTS the R & R in its entirety, and the petition is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 9, 2015
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ANALISA TORRES
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] To the extent not explicitly discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.